IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILIIAM KIRK ORRISON )<br>)<br>    Plaintiff, )<br>)<br> -vs- )<br>)<br>KILOLO KIJAKAZI,[1] )<br>)<br>    Commissioner of Social Security )  | Civil Action 20-1634 |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff William Kirk Orrison ("Orrison") brought this action for review of the final decision of the Commissioner of Social Security denying his claim for social security benefits. Orrison contends that he became disabled on August 1, 2015. (R. 11). He was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") in June 2019. (R. 32-75). During the hearing both Orrison and a vocational expert ("VE") testified.  Ultimately, the ALJ denied benefits. (R. 11-21). Orrison has filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 14 and 16.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

1

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

    2. The ALJ's Decision

At step one, the ALJ determined that Orrison had not engaged in substantial gainful activity since the alleged onset date. (R. 13). At step two, the ALJ found that Orrison suffered from the following severe impairments: aortic valve stenosis; paroxysmal atrial fibrillation; obesity; and osteoarthritis. (R. 13-16). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 16). The ALJ then found that Orrison had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 16-20). At the fourth step the ALJ concluded that Orrison is capable of performing his past relevant work as an office manager. (R. 20). Consequently, the ALJ denied benefits.

    3. Discussion

Orrison challenges the ALJ's decision based upon the assessment of medical opinions, particularly those pertaining to his mental impairments. Specifically, Orrison argues that the ALJ should have given "great weight" to the opinions of Drs. Petrick and Tayal because they were *examining* and *treating* physicians. Orrison's claim, filed after March 27, 2017, is subject to new Social Security regulations regarding the evaluation and treatment of medical opinions. The new standard differs significantly from the prior

3

regulatory framework and Orrison's argument is reliant upon the incorrect and outdated standard.

These new regulations require an ALJ to focus upon the persuasiveness of each medical opinion[2] rather than to accord opinions particular evidentiary weight. See 20 C.F.R. §§404.1520c; 416.920c.  Thus, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source."  *Id.* at §§404.1520c(a); 416.920c(a).  For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b).  In so doing, the ALJ shall consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive.  *Id.* at §§404.1520c(c); 416.920c(c).  "The most important factors" are supportability[3] and consistency.[4]  *Id.* at §§404.1520c(a); 416.920c(a).  Therefore, the

---

[2] For instance, under the new regulations, a medical opinion is a statement from a medical source about what the claimant can still do despite his/her impairments. An opinion must contain an assessment of the claimant's functional limitations or what activities the claimant could or could not perform in a work setting. *See* 20 C.F.R. 404.1513(a)(2). Here, the medical records Orrison proffers from Dr. Tayal do not contain an assessment of Orrison's functional limitations. (R. 593-605). Dr. Petrick does not discuss functional limitations either. (R. 455-59). As such, even under the new regulations Orrison's argument is misplaced.
[3] With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support her or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).
[4] With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors.  *Id.* at §§404.1520c(b)(2); 416.920c(b)(2).  When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors.  *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).  Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.  *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).  Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources.  *Id.* at §§404.1520c(d); 416.920c(d).

After careful review, I find that the ALJ appropriately assessed the medical opinions in light of these standards. For instance, the ALJ noted that she found Dr. Vigna's opinion regarding Orrison's mental impairments to be persuasive. Vigna determined that Orrison had no limitations in understanding, remembering, or applying information; had a mild limitation in interacting with others; had a mild limitation in concentration, persistence and pace; and had no limitation in adapting or managing oneself. (R. 18-19).  The ALJ found Vigna's opinion to be consistent with the medical record, the mental health treatment record, and with Orrison's reported activities of daily living. (R. 18-19). Vigna noted that Orrison has not been referred to any specialty care regarding his memory and takes no medication specifically to assist in aiding / maintaining cognitive functioning. (R. 19). Further, Orrison was able to play games, do puzzles, shop independently and drive a car. (R. 19). The ALJ also found the opinion of

5

Dr. Kravitz, a psychological consultant, to be very persuasive. (R. 19). Kravitz opined that the neuropsychological findings were unremarkable and that there was little evidence to suggest more than mild mentally based functional limitations. (R. 19-20). Again, the ALJ noted the consistency with Orrison's reported activities of daily living, the treatment history, the neuropsychological exam report, and Orrison's Function Report . (R. 19-20).

Upon review of Orrison's argument, I find that he applied the incorrect and outdated standard. Therefore, his submission in this regard is misguided. Applying the appropriate standard in this case, I find that I am able to make a proper and meaningful review and that the ALJ's evaluation of the medical evidence is supported by substantial evidence of record. Simply stated, the ALJ chose between contrasting medical opinions and gave greater weight to those opinions which she found to be more consistent with Orrison's medical records and activities of daily living.

Consequently, there is no basis for reversing or remanding the ALJ's decision.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM KIRK ORRISON )<br>      Plaintiff, )<br>)<br>-vs- )<br>)<br>KILO KIJAKAZI, )<br>)<br>Commissioner of Social Security, Defendant. ) | Civil Action No. 20-1634 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 8th day of October, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 14) is DENIED and the Motion for Summary Judgment (Docket No. 16) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

BY THE COURT:

_/s/ Donetta W. Ambrose_
Donetta W. Ambrose
United States Senior District Judge